# Richmond.

MOSBY AND WIFE V. WITHERS' EX'ORS AND ALS.

## JANUARY 15th, 1885.

1. PRACTICE IN CHANCERY—*Plea of another suit pending.*—Where in suit in equity plea is presented of another suit in equity pending in same court, between same parties, concerning same subject, it is not error to reject the plea, consolidate the causes, and proceed in them as in one cause.

2. IDEM—*Judicial sale—Re-sale.*—At judicial sale title is retained, bonds with personal security are taken, and, as additional security, collaterals are assigned by purchaser to commissioner. It is not error, in such case, for the court, without first exhausting the bonds and collaterals, to decree a re-sale of the land unless within a prescribed period the purchase-money in arrears shall be paid ; especially where the commissioner has reported that the collaterals cannot be made available without a chancery suit.

3. IDEM—*Amendment of pleadings.*—Where, from a plea, which is unsustained by evidence, or rejected as making no lawful defence, it nevertheless appears that certain necessary parties have been omitted, it is right to allow the bill to be amended by inserting the omitted parties.

Appeal from three decrees of circuit court of Culpeper county, entered 21st November, 1873, 8th June, 1877, and 9th June, 1882, respectively, in the chancery cause of *Withers' ex'ors and als.* v. *Withers and als.* James Withers died, in Culpeper, testate, in 1861. His executors, Nelson and Rixey, sold his farm near Culpeper Courthouse, known as "Catalpa," to his widow. Mrs. Withers not having paid all the purchase-money, the executors, in 1872, instituted, in the county court of said county, a chancery suit to subject "Catalpa" to sale for the unpaid purchase-money, which suit was moved to the said

circuit court in August, 1873. In October, 1873, a suit in chancery was instituted in the circuit court of said county by same parties against same defendants for the same purpose. In the last suit, at November term, 1873, the defendant, Mrs. Withers, tendered several pleas setting up the pendency of the other suit aforesaid. The court rejected the pleas of another suit pending, consolidated the causes, and proceeded in them as in one. It treated one plea as a demurrer for want of proper parties, and allowed plaintiffs to amend their bill, and insert the names of the omitted parties. It held that the last plea, which was to the effect that in the suit in the county court it had been adjudicated that " Catalpa" should *not* be sold to pay the unpaid purchase-money, &c., was not sustained by the evidence.

By decree of 8th June, 1877, it was directed that said land be re-sold, unless within sixty days Mrs. Withers paid the purchase-money then in arrears. It was sold on 8th September, 1878, to Jannette A. Mosby, wife of the appellant, Jacob J. Mosby. The purchaser paid the cash, and gave bonds, with personal security, for the deferred payments, and also executed a deed of trust on her interests in certain Grigsby and Ficklin estates, as collateral security. The sale was confirmed But the deferred payments not having been made, and the commissioner who made the sale having reported that nothing could be realized out of the trust-deed without a chancery suit, a rule was served on Mrs. Mosby to show cause why " Catalpa" should not be re-sold. And despite her objection that the remedy on the bonds and trust deed executed to secure payment of the deferred instalments of the purchase money should be exhausted, before proceeding against the land itself, a decree was pronounced on 9th June, 1882, directing such re-sale unless the amount in arrears was paid within a given time.

From this decree Jacob J. Mosby and Jannette, his wife, obtained an appeal and *supersedeas* from one of the judges of this court.

*J. C. Gibson,* for the appellants.

*G. D. Gray* and *J. G. & W. W. Field,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The first of the decrees which are complained of—that of November 21, 1873—was an interlocutory order of the court overruling sundry pleas offered by Ellen A. Withers and J. J. Mosby to a bill of complaint filed against them in this cause by Lewis P. Nelson and John H. Rixey, executors of the will of James Withers, deceased, as not being sustained by the evidence, and giving to the plaintiffs in said bill leave to amend their bill by the insertion of the names of certain parties who were devisees and beneficiaries under the will of their testator, James Withers, deceased.

The purport of the said rejected pleas was the alleged pendency of another suit between the same parties, in the same court, for the same subject matter with this suit; but the court, upon the suggestion of parties, consolidated the causes and proceeded in them as one cause. In this there is no error.

The decree of 8th June, 1877, was an order in the cause, that unless the said E. Adelaine Withers, or some one for her, shall, within sixty days from the rising of the court, pay over certain sums, or portions of the purchase money, for the tract of land which she had purchased under a decree of the said circuit court, as indicated in said decree; then, for her said default, the land, or so much thereof as should be necessary, should be re-sold. This was a proper order in the cause, and simply enforced compliance with the terms of sale made under the decree of the court, by a re-sale in default of payment by the purchaser, E. Adelaine Withers, and her surety, J. J. Mosby.

Mrs. E. A. Withers, the purchaser aforesaid, did make default in compliance with the terms of her purchase, and the land was re-sold under the decree of the court, and was purchased by

Mrs. Mosby, the wife of J. J. Mosby. She failing to comply with the terms of her purchase, when the payments became due, a rule was awarded by the court against her to show cause why the land should not be re-sold. She showed no sufficient cause, in the judgment of the court, and for her default the decree of June 9th, 1882, was entered, ordering a re-sale. This is the last of the decrees complained of.

The ground of error assigned against the last decree is that the court should not have decreed a re-sale until Mrs. Mosby's interest in the Grigsby estate and in the amount due from George Ficklin's estate (which she had assigned or lodged with the commissioners of the court as collaterals to her purchase-money bonds) should be realized, and applied to the discharge of her purchase-money bonds for the tract of land sold by the court, and bought by her as aforesaid. In other words or effect, that the court erred in resorting to the primary subject—the land sold under its decree by its commissioners, without first and finally running down and realizing or exhausting these collaterals to the purchase-money obligations of the purchaser. The real and only question presented in this record is, whether a chancery court, under whose decree land is sold upon terms, and a reservation of lien upon it, can enforce the terms of sale when default is made in payment of the purchase-money ? But, in this case, the trustee of Mrs. Mosby's interest reported to the court before the decree for re-sale, which is complained of, was pronounced, that he had made proper effort to collect from the Grigsby estate, but without success; and the Ficklin assets were locked up in chancery suits, then pending, with doubtful issue, and without definite prospect of realizing the fund.

We find no error in the decrees of the circuit court of Culpeper complained of, and they must be affirmed.

DECREES AFFIRMED.